**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NEW AMERICAN FUNDING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| MATTHEW MCDANIEL, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S COMPLAINT**

New American Funding, LLC ("NAF" or "Plaintiff") files this Complaint against Matthew McDaniel ("Defendant" or "McDaniel") and respectfully states as follows:

**I.    PARTIES**

1.    Plaintiff New American Funding, LLC is a Delaware limited liability company with its principal place of office located at 1 MacArthur Place, Suite 800, Santa Ana, California 92707.

2.    Defendant Matthew McDaniel is an individual residing in Dallas County, Texas and may be served with process at 10314 Sherbrook Lane, Dallas, Texas 75229.

**II.    JURISDICTION AND VENUE**

3.    The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1). There is a diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because it is the District in which Defendant resides and the District in which a substantial part of the events giving rise to NAF's claims occurred.

**III.    FACTUAL ALLEGATIONS**

**PLAINTIFF'S COMPLAINT**                                                                                     **Page 1**

5.      On or around June 20, 2025, NAF hired McDaniel as Branch Manager in its Dallas, Texas location.

6.      As a benefit to his employment as a Branch Manager, NAF agreed to pay McDaniel a signing bonus of $165,000.00, payable in installments beginning early July and ending late August. The signing bonus included an obligation of full repayment in the event McDaniel left NAF's employment at any time within a thirty-six (36) month period (the "Repayment Period"). The Repayment Period began at the time of employment. McDaniel acknowledged and agreed to this requirement, among other terms, on June 13, 2025. A true and correct copy of the Amended Offer of Employment is attached as **Exhibit A**.

7.      After just shy of three (3) months of employment with NAF, on September 15, 2025, McDaniel resigned from his position as Branch Manager at NAF. Because McDaniel resigned from NAF prior to completing the Repayment Period, he was required to repay the bonus to NAF in full. McDaniel acknowledged this repayment requirement in his resignation letter.

8.      Though McDaniel was paid a bonus of $165,000.00, NAF agreed to accept $142,913.05 as full repayment if the repayment was handled quickly. Subsequently, McDaniel's new employer, Gold Star Mortgage, repaid the $142,913.05 signing bonus to NAF on McDaniel's behalf.

9.      After the repayment issue was resolved, a NAF accounting error resulted in the issuance of a payment of $142,913.05, the amount repaid to NAF by Gold Star Mortgage, directly to McDaniel.

10.     Upon McDaniel's receipt of this wrongfully issued check, McDaniel deposited the check into his personal account, retained the funds, and refused to return the amount despite repeated requests by NAF.

11.     Since his initial refusal, McDaniel has returned approximately $57,913.05 of the $142,913.05 issued to him. After applying all payments and credits, McDaniel still owes a balance of $85,000.00 to NAF.

12.     After McDaniel continued to refuse repayment, NAF issued a formal demand for repayment to McDaniel on February 3, 2026. Despite notice and demand for payment, McDaniel failed and refused, and continues to fail and refuse, to pay the balance due and owing to NAF. A true and correct copy of the Demand Letter is attached as **Exhibit B**. As a result, NAF has been damaged by McDaniel in the total amount of $85,000.00, exclusive of interest, attorneys' fees, and costs.

## IV.     CAUSES OF ACTION

**Count 1:     Texas Theft Liability Act**

13.     NAF incorporates the allegations contained in all preceding paragraphs above as if the same were restated in full herein.

14.     NAF was entitled to possession of the $142,913.05 inadvertently issued to McDaniel.

15.     Though McDaniel returned $57,913.05 of the total amount issued to him by NAF, McDaniel continues to knowingly and unlawfully retain $85,000.00 of NAF's property in violation of Texas Penal Code § 31.03.

16.     McDaniel's unlawful taking and retention of these mistakenly issued funds was done with the intent to deprive NAF of its property. McDaniel's retention of the $85,000.00 in mistakenly issued funds constitutes unlawful appropriation of NAF's property and a violation of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code §§134.001-005.

17.     Despite notice demanding payment, McDaniel has failed to remit repayment. *See generally* Chapter 134, Texas Civil Practice and Remedies Code ("TTCA"); see also Tex. Pen. Code, §31.04(a)(4).

18.     As a result of the theft by McDaniel, NAF has sustained damages in the amount of $85,000.00, statutory damages under the Texas Theft Liability Act, interest, attorneys' fees, and costs.

**Count 2:     <u>Conversion</u>**

19.     NAF incorporates the allegations contained in all preceding paragraphs above as if the same were restated in full herein.

20.     NAF owned, possessed, or had the right to immediate possession of all of the $85,000.00 taken and retained by McDaniel.

21.     The money was the personal property of NAF.

22.     McDaniel unlawfully exercised control of NAF's property without NAF's authorization.

23.     McDaniel's unlawful conduct has caused NAF damages in the amount of $85,000.00.

**Count 3:     <u>Money Had and Received</u>**

24.     NAF incorporates the allegations contained in all preceding paragraphs above as if the same were restated in full herein.

25.     Alternatively, McDaniel holds money that, in equity and good conscience, belongs to NAF.

26.     NAF seeks liquidated damages in the amount of $85,000.00.

**Count 4:     <u>Unjust Enrichment</u>**

27.    NAF incorporates the allegations contained in all preceding paragraphs above as if the same were restated in full herein.

28.    McDaniel obtained a benefit from NAF by fraud, duress, and/or taking undue advantage.

29.    NAF mistakenly provided McDaniel with significant funds, $85,000.00 of which McDaniel has retained.

30.    McDaniel accepted and used the money mistakenly provided by NAF and had reasonable notice that NAF expected repayment of the funds.

31.    NAF sent notice of the demand for repayment but never received payment for the funds that McDaniel was mistakenly issued.

32.    If allowed to retain the benefit mistakenly conferred on him without repaying to NAF, McDaniel will be unjustly enriched in the amount of $85,000.00.

33.    As a direct result of McDaniel's failure to repay NAF for the funds mistakenly issued to McDaniel, NAF has suffered damages in the amount of $85,000.00, plus interest, attorney's fees and costs.

## V.    Request For Attorneys' Fees

34.    NAF incorporates the allegations contained in all preceding paragraphs above as if the same were restated in full herein.

35.    NAF demanded payment from McDaniel for the mistakenly issued check. **Exhibit B**. McDaniel's refusal to pay NAF the amounts due and owing to it have caused NAF to retain the services of the undersigned attorney. Pursuant to Section 134.004 of the Texas Theft Liability Act, NAF is entitled to recover its reasonable and necessary attorneys' fees from McDaniel.

36.    NAF also pleads for additional attorneys' fees should this matter be appealed.

## VI.    <u>Requests For Relief</u>

NAF respectfully requests that this Court, upon final disposition of this matter, enter judgment against Defendant for the following relief:

a.    Compensatory damages of $85,000.00, plus any statutory damages recoverable under the Texas Theft Liability Act;

b.    All court costs;

c.    Any and all costs and reasonable attorneys' fees incurred in any and all related appeals and collateral actions (if any);

d.    Pre-judgment and post-judgment interest on all sums at the maximum rate allowed by law; and

e.    Such other relief to which this Court deems NAF to be justly entitled.

Dated: March 5, 2026

Respectfully submitted,

*/s/ Shelby Menard*
Shelby Menard
Texas Bar No. 24106581
SMenard@SpencerFane.com
**SPENCER FANE LLP**
5700 Granite Pkwy., Suite 650
Plano, Texas 75024
(972) 324-0300 – Telephone
(972) 24-0301 – Facsimile

**ATTORNEY FOR PLAINTIFF**